J-uDixE Graham
delivered the opinion of the Court.
The plaintiff had obtained from the proper department a warrant for one hundred and sixty acres of land, for his services in the United States army in the late war with Mexico. The defendant being in possession of this warrant, the plaintiff instituted this action of trover to recover its value. The proof in the case shows that on the 14th September 1849, the plaintiff *114 ánd Wigginton visited the defendant’s store and proposed to sell the warrant to the defendant, who after some chaffering as to its value bought it. He paid the plaintiff $20 in cash, and the plaintiff and Wigginton selected out of defendant’s store $100 worth of goods at fair prices. The goods were taken by Wigginton who gave his- note to plaintiff for the one hundred dollars, and (as plaintiff stated to a witness,) was to give his note with security for the money. Pie gave his note without security, and shortly afterwards failed. At the time of this transaction, and at the commencement of this action, the plaintiff was past twenty but .not quite twenty-one years of age, but had the appearance of being a man of mature ago. He had for some time before the sale of his warrant been permitted by -his -father to work for himself and receive the pay. His father states that he had forbidden him to sell his land warrant. Upon demand niade by one — as the agent of plaintiff, the defendant said he would deliver the warrant on condition of being repaid the amount which he had paid for it. This was not done, and this action was brought on the 23d Oct. 1849. The jury under the instructions of the Court rendered a verdict for defendant, the Court gave judgment and refused a new trial. From this judgment the plaintiff has appealed.
An infant, as to his executed and voidable eon-tracts for personal property, may, during his infancy exercise the power of rescisión.
The first question to be decided, is whether the plaintiff can maintain his suit before he arrives to the age of twenty-one years. The contract is not void, but is only voidable.
Without stopping to cite the various authorities upon this subject, we content ourselves by saying that it is now the well settled doctrine that an infant as to his executed and voidable contracts for personal property may during his infancy exercise the power of recession. We are next to inquire whether he can avoid his contract without returning or offering to return the money received by him, and the goods delivered to Wigginton, or if not the latter, then the note^xccutcd 1o him by Wigginton, or some equivalent therefor.
But when plaintiff he must restóle the consideration received; he cannot have the benefit on his side of the contract without returning the equivalenton the other: (2 Kent, 240; 7 Cowan, 182; McPherson Jg ^as^’pep.’, |^d ^pracJio„ed, uPon the _
It is laid down as good law by Kent, and has so been decided by several Courts of high authority, that if an infant avoids an executed contract, he must restore the consideration which he had received; that the privilege of infancy is to be used as a shield, and not as a sword, and he cannot have the benefit on his side of the contract without returning the equivalent on the other; (2 Kent, 240; 7 Cowen 182; Macpherson on infants, 488; 15 Mass, reports, 345.) This rule we think is founded on strict impartial justice, and is the law ot this case. Infancy may and should protect, but should not be permitted to oppress or injure others. The infant as,fhe adult should be required to act justly. No doubt ffltone should take any advantage of or should'tósrreach or defraud him, he wodK T guilty of wrong himself that he could not dan and a restoration of the consideration received by mMwSRrtl,_______,^v before the latter could avoid his contract. Mor would | we say that an infant of tender years, or onMMiosa1^-" *- f appearance indicates clearly that he is not twenty-o^p ,___ years of age, is embraced/within the rule; all we intend to say is, that as is the fact in this case, (where the plaintiff lacked but a few months of being 21 years of age,) when a party not guilty of the slightest fraud, deceit, or imposition, has given a full and fair market value, for the property bought, and where he had from the personal appearance of Bailey, and from the fact that he had previously been acting for himself, working and receiving pay for his work, with the knowledge of, and without let or hindrance from his father, and when he had good reasons to suppose him to be a man of mature age, the plaintiff should not be permitted to recover the property or its value, without restoring the price or a fair equivalent therefor.
The cases referred to by plaintiff’s counsel as sustaining the position he contends for, have been examined and are found not to bo at all in conflict with the opinions herein expressed. We deem it unnecessary to cite them, or comment upon them. It will of course be *116 understood that we do not apply this doctrine to defences by an infant, but only to the case where he is plaintiff, attempting to repudiate an executed contract.
Harlan, Callender, and Williams, for appellant; Pilcher 4* Hauser, and Spear,Tbr appellee.
The instructions given by the Court to the jury were not inconsistent with this opinion. We do not perceive any error in the judgment of the Circuit Court. It is therefore affirmed.