### CLARK, respondent, *v.* TATE ET AL., appellants.

*How an infant can avoid a contract on attaining majority.* — The court says in the case at bar: "We think that the sound rule is, as laid down by Chancellor Kent, as follows: 'If an infant pays money on his contract and enjoys the benefit of it, and then avoids it when he comes of age, he cannot recover back the consideration paid. On the other had, if he avoids an executed contract when he comes of age, on the ground of infancy, he must restore the consideration which he has received. The privilege of infancy is to be used as a shield, not as a sword.' " 2 Kent's Com. 240.

*State of facts under which an infant is not estopped by recital in a contract of money paid, and is not required to restore the consideration paid.* — The defendants purchased a tract of land from the plaintiff when he was a minor, taking a written obligation from him that he would execute a deed to them

when he became of age. This obligation read that he would execute the deed in consideration of $150 paid him. Said consideration, however, was paid to the father of the minor, from whom defendants received a written guaranty that the son would execute said deed when he became of age. *Held*, that under said state of facts the plaintiff was not required to restore the consideration. *Held, also*, that he was not estopped by the recital in the obligation that the consideration money had been paid to him.

*The bringing of a suit is a sufficient notice of the disaffirmance of a contract of infancy.* — *Held*, in the case at bar that no notice of disaffirmance of the contract was necessary prior to the beginning of a suit for the recovery of the property involved; and that the suit itself was a sufficient notice of disaffirmance.

*There can be no recovery for improvements made upon land by the purchaser thereof, who, knowing of his disability, bought the same from an infant.* — *Held*, in the case at bar, that the defendants dealt with the plaintiff with their eyes open, and at arms-length; and that hence they could not be allowed anything for the improvements they had placed upon the land in dispute after purchasing it. *Held*, that they must look for relief to the father of the infant under his written undertaking with them.

*Appeal from District Court, Gallatin County.*

R. P. VIVION and GEORGE F. SHELTON, for the appellants.

The contract of an infant for the sale of lands, when executed by both parties to the transaction, is voidable on the part of the infant upon reaching his majority, and is not void. *Lessee of Tucker & Thompson* v. *Moreland*, 10 Pet. 57; *Eagle Fire Ins. Co.* v. *Lent*, 1 Edw. Ch. 301; 2 Kent's Com. 31. The contract appears in this case to have been fully executed on the part of both plaintiff and defendants; and were the transactions between adults, a court of equity would enforce the execution of the deed by plaintiff. 3 Washburn on Real Property, 247; *Ryan* v. *Dox*, 34 N. Y. 312; *Phillips* v. *Thompson*, 1 Johns. Ch. 131–149; *Story* v. *Black*, 5 Mont. 26; *McAdow* v. *Black*, 4 Mont. 475; *Wetmore* v. *White*, 2 Caines Cas. 87; *Lowry* v. *Lew*, 3 Barb. Ch. 407; *Parkhurst* v. *Van Cortland*, 14 Johns. 15, 36; *De Wolf* v. *Pratt*, 42 Ill. 207; *Miller* v. *Ball*, 64 N. Y. 286; see American note to *Lester* v. *Foxcraft*, 1 Lead. Cas. Eq. (Hare & Wal-

lace's notes) 507. If, therefore, the plaintiff upon attaining his majority determined to take advantage of the privilege of infancy, and avoid the contract, he should have done so by some act of avoidance as solemn and notorious as the original contract. 3 Bac. Abr. 136. An infant can avoid his conveyance only by entry on the land, or executing a conveyance of it to a third person, or by demanding possession, or by giving notice of his intention not to be bound by the conveyance. "And he cannot maintain an action brought before he has so avoided it, and the act of avoidance must be stated in the complaint." *Palmer* v. *Miller*, 25 Barb. 399; *Bool* v. *Mix*, 17 Wend. 119; *Lessee of Tucker & Thompson* v. *Moreland*, 10 Pet. 58; Sedgwick & Wait on Trial of Title to Land, secs. 198, 451; *Betts* v. *Carroll*, 6 Mo. App. 518. The plaintiff could not avoid his sale of the land, and claim a return of the land, unless he offered to return the purchase price received by him from the defendants, or showed in some way his inability to return it. 2 Kent's Com. 240; *Strain* v. *Wright*, 7 Ga. 568; *Lock* v. *Smith*, 41 N. H. 346; *Bailey* v. *Barnberger*, 11 B. Mon. 113; *Womack* v. *Womack*, 8 Tex. 397; Tyler on Infancy and Coverture, 77; *Badger* v. *Phinney*, 15 Mass. 356; *Roberts* v. *Wiggin*, 1 N. H. 73; *Roof* v. *Stafford*, 7 Cow. 179; *Willis* v. *Twambly*, 13 Mass. 204; *Betts* v. *Carroll*, 6 Mo. App. 518; *Bartholomew* v. *Finnemore*, 17 Barb. 428; *Gray* v. *Lessington*, 2 Bosw. 257; *Ottman* v. *Moak*, 3 Sand. Ch. 431; *Kitchen* v. *Lee*, 11 Paige Ch. 107. It is well settled that if the contract has been fully executed on both sides, and the infant disaffirms the contract and reclaims what he has paid, he must restore the consideration. *Bigelow* v. *Kinney*, 3 Vt. 301, 353; *Price* v. *Funnan*, 27 Vt. 268; *Grace* v. *Hale*, 2 Humph. 27; *Smith* v. *Evans*, 5 Humph. 70; *Badger* v. *Phinney*, 15 Mass. 359. In the following cases it has been decided that an infant must offer to restore the purchase price if he has received

it, and nothing will excuse a failure to do so: *Hillyer* v. *Bennett*, 3 Edw. Ch. 222; *Bingham* v. *Barley*, 55 Tex. 281; *Bryant* v. *Pottinger*, 6 Bush, 473; *Kerr* v. *Bell*, 44 Mo. 120; *Stout* v. *Merrill*, 35 Iowa, 47; *Bozeman* v. *Browning*, 31 Ark. 364. The judgment rendered in this case has failed to recognize the value of the improvements placed on the land by the defendants, or to permit any recoupment or set-off by them against the damages claimed by plaintiff. The law is, that one who has occupied a tract of land for a series of years, in good faith, believing it to be his own, and made improvements, is equitably entitled, when evicted, to so much of the enhanced value of the land at the time of eviction as is due to the labor and money expended on it by him. *Pulliam* v. *Jennings*, 5 Bush, 433; *Weaver* v. *Jones*, 24 Ala. 421; Tyler on Infancy and Coverture, 73.

L. A. LUCE and F. K. ARMSTRONG, for the respondent.

In regard to infants, it is the universal rule that estoppels, either by deed or *in pais*, do not apply to nor affect them, with but this one exception, of fraudulent acts, concealments, or representations made or done by infants by which others have been misled and defrauded. Bigelow on Estoppel, 245, 246, 446, 447, and note 2, p. 447, and cases cited, and 448; Herman on Estoppel and Res Judicata, 717, sec. 584; *Wilkinson* v. *Filby*, 24 Wis. 441; *Todd* v. *Kerr*, 42 Barb. 317; *Williams* v. *Baker*, 71 Pa. St. 482; *Cook* v. *Toombs*, 36 Miss. 685; *Houston* v. *Turk*, 7 Yerg. 13; *Watson* v. *Billings*, 38 Ark. 278; *Drake* v. *Glover*, 30 Ala. 382; *Lackman* v. *Woods*, 25 Cal. 153; *Tucker* v. *Moreland*, 10 Pet. 69–71; *Sims* v. *Everhart*, 102 U. S. 300; *Jackson* v. *Vanderheyden*, 17 Johns. 167. Even were the receipt set out in defendant's answer, or a deed of conveyance, it would not work an estoppel in this action. The bringing of this suit was a disaffirmance. *Stafford* v. *Roof*, 9 Cow. 626; *Tucker* v. *Moreland*, 10 Pet.

68–73; *Gillispie* v. *Bailey*, 12 W. Va. 87–90; *Watson* v. *Billings*, 38 Ark, 280, 281; *Allen* v. *Poole*, 54 Miss. 331; *Jackson* v. *Carpenter*, 11 Johns. 539. Anything done by respondent showing that he did not intend to carry out the contract, or to be bound by it, is a disaffirmance. *Green* v. *Green*, 69 N. Y. 556. Where a party pleads an estoppel *in pais*, he is bound to set up everthing to make it complete; otherwise it is bad on demurrer. Bigelow on Estoppel, 632, 437, 438; Herman on Estoppel and Res Judicata, 1447, sec. 1304, and cases cited in note 3. An infant need not return consideration, nor show that he has squandered the money. There is no allegation that respondent has the fruits of the contract to sell. *Chandler* v. *Simmons*, 97 Mass. 514; *Stafford* v. *Roof*, 9 Cow. 626; Bishop on Contracts, enlarged ed., sec. 920, and cases cited. It is only where the infant, on disaffirming, still has the consideration, that he is required in any case to return it. *Walsh* v. *Young*, 110 Mass. 396; *Mustard* v. *Wohlford*, 15 Gratt. 319; *Bedinger* v. *Wharton*, 27 Gratt. 857. Respondent never had the consideration. But if he had, there is no showing that he had it after arriving at age. Respondent is not estopped to show or say, by the recital in the contract, that it was paid to him, as has been shown by the authorities above cited. Bigelow on Estoppel, 245, 246, and other authorities cited. And such being the case, the contract is absolutely void; for when it appears or can be pronounced that the contract of an infant is to his prejudice, it is void. 7 Wait's Actions and Defenses, 131, and cases cited. And being void, it cannot be ratified. 7 Wait's Actions and Defenses, sec. 6. The father having received the money, the contract was clearly prejudicial to the minor. A father has not, in that capacity, any control over the property, real or personal, of his minor child. He cannot sell or lease it, or receive money for rents. 5 Wait's Actions and Defenses, 47, and cases cited.

*Fonda* v. *Vanhorn,* 15 Wend. 631. But our statute expressly provides how real estate of infants may be sold. Secs. 376, 377, etc., pp. 262, 263. And by a well-known rule of law, it cannot be sold in any other way. Sedgwick on Construction, 275–278.

The appellants entered and improved with their eyes open, and in their own wrong. There are no equities in their favor. "Every person deals with an infant at arms-length, at his own risk, and with a party for whom the law has a jealous watchfulness." Story on Constitution, sec. 13; see also *Sims* v. *Everhart,* 102 U. S. 311. Clark is not estopped, nor can he be said to have ratified the contract, by reason of improvements made on the land while he was a minor, and there is no allegation that any were made after he became of age. *Gillispie* v. *Bailey,* 12 W. Va. 90, and cases there cited; *Allen* v. *Poole,* 54 Miss. 330, 331. The contract being executory, and never confirmed by Clark after arriving at lawful age, infancy is a perfect defense to it; and infancy being shown by defendant, judgment on the pleadings was correct. Bishop on Contracts, enlarged ed., sec. 937.

THE opinion states the case.

McCONNELL, C. J. This is an action of ejectment. There was judgment upon the pleadings for the plaintiff, and the case is brought here for alleged errors of law apparent upon the judgment roll. The appellants disclose in their amended answer the fact that they purchased the land in controversy of the plaintiff when he was a minor, and they allege that they paid him the price agreed upon, took a written obligation from him, in which he pledges his honor that he will make them a deed when he becomes of age; and also took a written obligation from C. L. Clark, the father of respondent, binding him to have the deed made by his son when he becomes of age.

1. The first error assigned is, that the plaintiff, having received the consideration of $150, must restore it before he can sue, or if he spent the money and cannot restore it, he must aver in his complaint this fact. While the authorities do not agree on this subject, we think that the sound rule is, as laid down by Chancellor Kent, as follows: " If an infant pays money on his contract, and enjoys the benefit of it, and then avoids it when he comes of age, he cannot recover back the consideration paid. On the other hand, if he avoids an executed contract when he comes of age, on the ground of infancy, he must restore the consideration which he had received. The privilege of infancy is to be used as a shield, and not as a sword." 2 Kent's Com. 240. In this case the contract was executed, so far as the appellants are concerned, but executory on the part of the respondent. He was to make a conveyance when he became of age, and this he has never done. He now, after attaining his majority, disaffirms his contract, by suing for the possession of the land sold, and does not pay the consideration back, nor give any reason why he does not. Mr. Tyler, in his work on Infancy and Coverture, page 80, section 37, says: " If the contract has been executed by the adult, and the infant has the property or the consideration received, if, at the time he attains full age, he then repudiates the transaction, he must return such property or consideration, or its equivalent, to the adult party." *Bailey* v. *Barnberger*, 11 B. Mon. 113; *Womack* v. *Womack*, 8 Tex. 397; *Grace* v. *Hale*, 2 Humph. 27; *Smith* v. *Evans*, 5 Humph. 70.

But the facts set out in this case, in appellants' answer, are peculiar. In the original answer they allege that the consideration was paid to plaintiff, or his father. In their amended answer they allege it was paid to the father; and in their last amended answer—which amendment was made after judgment— they aver it was

paid to plaintiff. But we can only look to the last amended answer in reviewing this case, and the exhibits thereto. But what ground is there for requiring return of the $150? C. L. Clark, the father of the respondent, entered into the obligation aforesaid, 'in consideration of said $150 so paid as aforesaid.' Now, if this money was paid to the infant, as recited in the contract, and averred in the last answer, how was it a consideration inuring to the benefit of C. L. Clark? Or how was it for the benefit of Benjamin L. Clark, if it inured to his father's benefit? But the defendants have sworn that C. L. Clark became guarantor for a valuable consideration. The $150 was the only money paid. Hence it went to the father, and not to respondent; and respondent is not estopped by the recital in the contract that it was paid to him. Bigelow on Estoppel, 245, 246, and other authorities cited. Besides, the appellants knew they were dealing with a minor, and undertook to protect themselves by taking the obligation of the father to see that his son should make the deed when he became of age. While we agree with the counsel for the appellants that a minor should restore the consideration if he can, before he is heard to disaffirm his contract, yet, under the peculiar facts shown by the pleadings of the appellants, we do not think it ought to be required in this case.

The next error complained of is that the plaintiff below should have given notice of his intention to disaffirm before he brought his suit. We do not think any notice of disaffirmance necessary before bringing suit. It is said that the act of disaffirmance must be of such a character as to be as solemn and notorious as the original contract. Bac. Abr., vol. 3, 136; *Lessee of Tucker* v. *Moreland*, 10 Pet. 58. We do not know of any more solemn and notorious way to disaffirm than by bringing a suit to recover the property. Tyler on Infancy, p. 73, sec. 31; *Walsh* v. *Young*, 110 Mass. 396.

It is claimed by appellants that "the judgment rendered in this case has failed to recognize the value of the improvements placed on the land by the defendants, or to permit any recoupment or set-off by them against the damages claimed by plaintiff." The respondent has not asked any damages, neither does the judgment give him any. It is a hardship upon the appellants to lose their improvements, but they acted with their eyes open, and dealt with respondent at arms-length. There was no fraud or concealment on his part, nor do the pleadings allege that any of the improvements were made after he became of age. They made a contract with him, which they knew he could disaffirm after he became of age. They must look to C. L. Clark for relief upon his undertaking.

Let the judgment be affirmed, with costs.

*Judgment affirmed.*

BEACH, J., and GALBRAITH, J., concur.