(79 Misc. Rep. 610.)

### WANISCH v. WUERTZ.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

INFANTS (§ 58*)—CONTRACTS—REPUDIATION.

An infant was not entitled to recover back the sum paid under a chattel mortgage securing the price of a piano, where the reasonable value of the use of the piano during the time she used it exceeded the amount she had paid; it being a condition to an infant's right to repudiate a contract that she account for the benefit received or return its equivalent.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 149–160; Dec. Dig. § 58.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Olga Wanisch, etc., against Otto W. Wuertz. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

C. Bertram Plante, of New York City, for appellant.
Leo R. Lawlor, of New York City, for respondent.

SEABURY, J. Plaintiff, an infant, sues to recover money paid to the defendant under the terms of a chattel mortgage given by plaintiff to defendant to secure the payment of $250, the amount of the purchase price of a piano sold by the defendant to the plaintiff. The money paid by plaintiff amounted to $165, which is the sum which the plaintiff seeks to recover in this action. The evidence shows that the plaintiff used the piano for 3½ years after it was delivered to her, and that the reasonable value of the use of the piano during that time is in excess of the amount which the plaintiff paid on account of the purchase price. There is also evidence to show that the piano had materially depreciated in value, and that the plaintiff still retains the possession of the piano, although her lawyer wrote to the defendant offering to return it if the latter would repay to the plaintiff the sum of $165.

---

Under the circumstances disclosed, the complaint should have been dismissed. Rice v. Butler, 160 N. Y. 578, 55 N. E. 275, 47 L. R. A. 303, 73 Am. St. Rep. 703; Gray v. Lessington, 15 N. Y. Super. Ct. 257; Bartholomew v. Finnemore, 17 Barb. 428; 2 Kent's Comm. 240. The only ground upon which the plaintiff asserts her claim is the privilege of infancy. This privilege, however, is to be used as a shield, and not as a sword, and, as the plaintiff has received the benefit of the contract which she now seeks to repudiate, she must account for the benefit or return its equivalent. Rice v. Butler, supra. She has not done either of these things, and therefore she is not entitled to retain the judgment awarded her by the court below.

The case of International Text Book Co. v. Connelly, 206 N. Y. 188, 99 N. E. 722, upon which the respondent relies and upon which the learned court below seems to have rendered judgment in her favor, is distinguishable from the case at bar in several material respects, and especially in the fact that in that case the infant was sued to recover a balance due under an unexecuted contract, and the court held that the defendant might plead infancy as a defense.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.