which the grantee is enabled, in his lifetime, to dispose of the entire fee for his own benefit, is deemed absolute."

Section 149 of the Real Property Law authorizes a remainder dependent on the bare chance of the nonexercise of the absolute power of disposition by the donee. This section reads as follows: "Sec. 149. When estate for life or years is changed into a fee.—Where an absolute power of disposition, not accompanied by a trust, is given to the owner of a particular estate for life or for years, such estate is changed into a fee absolute in respect to the rights of creditors, purchasers and incumbrancers, but subject to any future estates limited thereon, in case the power of absolute disposition is not executed, and the property is not sold for the satisfaction of debts."

The courts of this state have held that the term "absolute power of disposition" applies and is confined to cases where the donee and no other person is interested in the proceeds which arise from the execution of the power. Stafford v. Washburn, 145 App. Div. at page 797, 130 N. Y. Supp. 571 (opinion of Laughlin, J.). Judge Laughlin's opinion was adopted as the opinion of the Court of Appeals on the subsequent appeal of the case to that court. 208 N. Y. 536, 101 N. E. 1122.

In Cutting v. Cutting, 86 N. Y. 522, at page 539, it is said that "by an absolute power of disposition they [the revisers of the statutes] meant a power of disposition in the lifetime of the donee, or, in other words, a power by which he 'may sell when he chooses, and dispose of the proceeds at his pleasure.'"

Compare the statute and cases above referred to with what Chief Judge Cullen says of the power given Mrs. King by her husband's will: In Seaward v. Davis, 198 N. Y. 415, at page 420, 91 N. E. 1107, at page 1108, Chief Judge Cullen first states that Mr. King's will gave the widow "the absolute power of disposition during her lifetime, with remainder over of such part as she might not dispose of to the persons named in the will," and shortly after using this language says that "the widow had the right to dispose of the property in her lifetime and as to such property as she did dispose of neither she nor her executor was bound to account to the remaindermen because they had no interest in it."

---

## LOWN v. SPOON et al.

(Supreme Court, Appellate Division, Second Department. July 25, 1913.)

1. INFANTS (§ 58*)—CONTRACTS—AVOIDANCE.

An infant, on the attainment of his majority, cannot avoid a contract, of which he has enjoyed the benefit, and recover back the consideration paid.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 149–160; Dec. Dig. § 58.*]

2. INJUNCTION (§ 26*)—ENJOINING ACTION AT LAW—ADEQUACY OF LEGAL REMEDY.

Equity will enjoin an action at law by an infant, seeking to rescind a contract and recover back money paid for the purchase of stock of a corporation, where a full and complete investigation of the rights of the parties could not be had in the action at law.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. § 26.*]

Appeal from Special Term, Dutchess County.

Suit by Frank B. Lown against John J. Spoon and others. From an order granting a temporary injunction restraining defendant from prosecuting an action at law, defendant Spoon appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The opinion of Morschauser, J., at Special Term, was as follows:

The preliminary objections raised by the defendant must be overruled. Section 416, Code of Civil Procedure; Daly v. Amberg, 126 N. Y. 490, 27 N. E. 1038.

The plaintiff claims that the defendant Spoon made a contract with him, and that the plaintiff duly performed such contract upon his part, and that the defendant Spoon only partially performed, and later violated the contract upon his part. Plaintiff alleges that defendant was of full age, and defendant Spoon, while not denying the fact of entering into a contract with the plaintiff, merely says that he was a minor at the time of making the contract, and therefore he should receive back from the corporation the amount he paid for the stock of the corporation.

The purchase of the stock of the corporation was only a part performance on the part of the defendant Spoon of the contract which the plaintiff alleged he entered into with the defendant. The purchase of the stock was not the result of a dealing between the corporation and the defendant Spoon, but was an act on the part of the defendant Spoon, which he had agreed with the plaintiff to perform as part and parcel of an agreement with the plaintiff. The validity of the purchase of this stock must be judged by the agreement made between the defendant Spoon and the plaintiff and their respective acts thereunder.

Under all the circumstances, justice requires a full and complete investigation of the rights of the parties concerned, and in order that such full and complete investigation may be had it is necessary that a court of equity should intervene, and that is all that plaintiff asks in this case. The cases cited by the learned counsel for the defendant do not apply to the question.

[1] No rule of law has ever permitted an infant to avoid a contract, of which he has enjoyed the benefit, and recover back the consideration paid, on the attainment of his majority. Crummey v. Mills, 40 Hun, 370; Medbury v. Watrous, 7 Hill, 110. It has become the settled law in this state that the privilege of infancy may be used as a shield to protect the infant, and not as a sword to inflict injuries upon another. If an infant has had the benefit of a contract sought to be rescinded by him, he must account for the benefit, or return its equivalent. Rice v. Butler, 160 N. Y. 578, 55 N. E. 275, 47 L. R. A. 303, 73 Am. St. Rep. 703; Mutual Milk & Cream Company v. Prigge, 112 App. Div. 652, 98 N. Y. Supp. 458. Kent, in his Commentaries (volume 2, p. 240) says: "If an infant pays money on his contract, and enjoys the benefit of it, and then avoids it when he comes of age, he cannot recover back the consideration. On the other hand, if he avoids an executed contract when he comes of age, on the ground of infancy, he must restore the consideration which he had received. The privilege of infancy is to be used as a shield, not as a sword. He cannot have the benefit of the contract on one side, without returning the equivalent on the other."

[2] Equity prohibits the undue advantage which would accrue to an infant, and the great wrong which might be done to one, innocently dealing with such infant, if such infant, especially if of sufficient age to appreciate the value of a contract, were permitted to recover back all that he had parted with and obtain all the advantages gained. "The jurisdiction of a court of equity by action to restrain proceedings in actions pending in a court of law should be sparingly exercised, and only when the other remedies are inadequate and the equities invoking its jurisdiction are apparent and strong. There is no hard and fast rule about it, and every case must depend largely upon its own circumstances." N. & N. B. H. Co. v. Arnold, 143 N. Y. 268, 269, 38 N. E. 272.

It appears from the affidavit of the defendant Spoon that the contract which he seeks to rescind was actually made with the plaintiff herein. It also appears that the defendant has instituted an action in New York county against the Sunnyfield Nursery Company, a corporation, which he alleges is in fact the plaintiff. In this action he seeks to rescind a contract made for the purchase of the stock of the corporation, and to recover back the sum of $1,000 paid for the purchase thereof. The sole ground upon which he seeks a rescission of this contract is that at the time of making the contract he was

an infant. The real party in interest, so far as relates to pecuniary loss by reason of any recovery by the defendant Spoon in this action against the corporation, is the plaintiff in this action; and this appears from the affidavit of the defendant, who insists that the corporation is in fact the plaintiff, and it is not disputed. This action is for injunctive relief, and there does not appear to be any adequate remedy at law enabling the plaintiff to present his side of the question to the court, except in an action in equity, wherein all the parties interested in the controversy may be heard, and substantial and complete justice be done. In order to thus proceed it is important that the defendant be enjoined, during the pendency of this equitable action, from prosecuting the action which he has commenced in New York county, and which does not include all the parties interested, so as to enable the court in that action to give consideration to all the matters which in justice should be considered. The motion is not for a stay, but for a temporary injunction, so that all the matters can be disposed of.

In justice and in equity, I believe that the injunction should be continued. Ordered accordingly.

Argued before JENKS, P. J., and CARR, RICH, STAPLETON, and PUTNAM, JJ.

John G. Snyder, of New York City, for appellant.
William L. Gellert, of Poughkeepsie, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, upon the opinion of Mr. Justice Morschauser at Special Term.

---

PEOPLE ex rel. HAMMOND v. BECKER, Sheriff.

(Supreme Court, Special Term, Erie County.  August, 1913.)

ARREST (§ 10\*)—ARREST IN CIVIL ACTIONS—STATUTORY PROCEEDINGS—"WRONGFUL DETENTION."

Where a woman purchased diamond earrings on the installment plan, the contract providing that the title was to remain in the vendor until the purchase price was fully paid, that the vendor was entitled to possession upon default in any of the payments, her refusal to surrender after default was a wrongful detention under Code Civ. Proc. § 549, providing for the arrest of a defendant in civil actions for damages for personal injury and injury to property, including the wrongful taking, detention, or conversion of personal property.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 34–47; Dec. Dig. § 10.\*]

Certiorari proceedings by the People, on the relation of Helen Hammond, against Frederick Becker, sheriff of Erie county, to secure relator's discharge from imprisonment. Proceeding dismissed.

Charles Newton, of Buffalo, for relator.
Riordan & Batt, of Buffalo (Paul J. Batt, of Buffalo, of counsel), for persons interested in continuing the imprisonment of the relator.

BISSELL, J. This is an application by writ of certiorari to secure the discharge of the relator from imprisonment pursuant to a body execution issued upon a judgment obtained in the Erie county court (A. R. Henry Schneider and Ernest W. Schneider against Helen · Hammond).