Argued July 8, affirmed July 27, rehearing denied September 28, 1920.

# PETIT v. LISTON.

(191 Pac. 660.)

**Infants—Minor not Entitled to Recover Part of the Purchase Price Paid Without Accounting for Damage to Property Sold Him.**

1.  In view of the custom of minors to make purchases, a minor who purchased an article of personal property, as a motorcycle, paying part of the price, cannot, where he disaffirmed the contract, recover from the merchant the amount paid, without compensating the owner for damage to the motorcycle resulting from use.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

Plaintiff, a minor, brings this action by his guardian to recover $125, paid by him upon the purchase price of a certain motorcycle purchased from the defendants.

The case involves the question of whether or not a minor, who has purchased an article of this kind, and taken and used the same, after paying part or all of the purchase price, can return the article and recover the money paid without making good to the vendors the wear and tear and depreciation of the same while in his hands.

The defendants in the case were engaged in the selling of motorcycles and attachments. The plaintiff purchased from them a motorcycle at the agreed price of $325. He paid $125 down, and was to pay $25 per month upon the purchase price until the payments were completed. He took and used the motorcycle for a little over a month and finally returned the same to the defendants and demanded the return of his money. The defendants answer and allege

that plaintiff used the machine, and in so doing damaged it to the amount of $156.65.

There was a demurrer to the answer, which was overruled by the court, and the plaintiff refusing to reply or plead further and standing upon his demurrer, a judgment and order were entered dismissing the cause, from which the plaintiff appeals.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. Fred E. Smith.*

For respondents there was a brief over the names of *Messrs. Potter & Immel* and *Mr. O. H. Foster,* with oral arguments by *Mr. E. O. Potter* and *Mr. Foster.*

BENNETT, J.—The amount involved in this proceeding is not large, but the question of law presented is a very important one, and one which has been much disputed in the courts, and about which there is a great and irreconcilable conflict in the authorities, and we have therefore given the matter careful attention.

The courts, in an attempt to protect the minor upon the one hand, and to prevent wrong or injustice to persons who have dealt fairly and reasonably with such minor upon the other, have indulged in many fine distinctions and recognized various slight shades of difference.

In dealing with the right of the minor to rescind his contract and the conditions under which he may do so, the decisions of the courts in the different states have not only conflicted upon the main questions involved, but many of the decisions of the same court, in the same state, seem to be inconsistent with

each other; and oftentimes one court has made its decision turn upon a distinction or difference not recognized by the courts of other states as a distinguishing feature.

The result has been that there are not only two general lines of decisions directly upon the question involved, but there are many others, which diverge more or less from the main line, and make particular cases turn upon real or fancied differences and distinctions, depending upon whether the contract was executory or partly or wholly executed, whether it was for necessaries, whether it was beneficial to the minor, whether it was fair and reasonable, whether the minor still had the property purchased in his possession, whether he had received any beneficial use of the same, etc.

Many courts have held broadly that a minor may so purchase property and keep it for an indefinite time, if he chooses, until it is worn out and destroyed, and then recover the payments made on the purchase price, without allowing the seller anything whatever for the use and depreciation of the property.

Many other authorities hold that where the transaction is fair and reasonable, and the minor was not overcharged or taken advantage of in any way, and he takes and keeps the property and uses or destroys it, he cannot recover the payments made on the purchase price, without allowing the seller for the wear and tear and depreciation of the article while in his hands.

The plaintiff contends for the former rule, and supports his contention with citations from the courts of last resort of Maine, Connecticut, Indiana, Massachusetts, Vermont, Nebraska, Virginia, Iowa,

Mississippi and West Virginia, most of which (although not all) support his contention. On the contrary, the courts of New York, Maryland, Montana, Illinois, Kentucky, New Hampshire and Minnesota, with some others, support the latter rule, which seems to be also the English rule.

Some of the cyclopedias and some of the different series of selected cases state the rule contended for by plaintiff, as supported by the strong weight of authority; but we find the decisions rather equally balanced, both in number and respectability.

In *Rice* v. *Butler,* 160 N. Y. 578 (55 N. E. 275, 73 Am. St. Rep. 703, 47 L. R. A. 303), in an opinion by Mr. Justice HAIGHT, concurred in by the entire court, it is said:

"There are numerous authorities bearing upon the question, but they are not in entire harmony. We have examined them with some care, but have found none in this court which appears to settle the question now presented. We, consequently, are left free to adopt such a rule as in our judgment will best promote justice and equity. The contract in this case in its entirety must be held to be executory; for, under its terms, payments were to mature in the future and the title was only to pass to the minor upon making all of the payments stipulated; but in so far as the payments made were concerned, the contract was in a sense executed, for nothing further remained to be done with reference to those payments. Kent, in his Commentaries (Volume 2, page 240), says: 'If an infant pays money on his contract and enjoys the benefit of it and then avoids it when he comes of age he cannot recover back the consideration paid. On the other hand, if he avoids an executed contract when he comes of age on the ground of infancy, he must restore the consideration which he had received. The privilege of infancy is to be used as a shield and not as a sword. He can-

not have the benefit of the contract on one side without returning the equivalent on the other.'"

This ruling is followed in *Wanisch* v. *Wurtz,* 79 Misc. Rep. 610) 140 N. Y. Supp. 573), and *Lown* v. *Spoon,* 158 App. Div. 900 (143 N. Y. Supp. 275).

In *Adams* v. *Beall,* 67 Md. 53 (8 Atl. 664, 1 Am. St. Rep. 379), the plaintiff, a minor, had paid a large sum of money into a partnership concern. The business was not successful and the infant undertook to rescind his contract and recover the money paid. It was held that he could not recover, and the court, citing from an opinion by Lord Justice TURNER in the English case of *Corpe* v. *Overton,* 10 Bing. 252, said:

"He must have a right upon his attaining his majority to elect whether he will adopt the contract or not. It is, however, a different question whether, if an infant pays money on the footing of a contract, he can afterwards recover it back. If an infant buys an article which is not a necessary, he cannot be compelled to pay for it, but if he does pay for it during his minority he cannot on attaining his majority recover the money back."

And the same court, as late as 1910, in the case of *La Trobe* v. *Dietrich,* 114 Md. 8, 24 (78 Atl. 983, 989), said:

"If the infant have already advanced money upon a contract, which is executory upon the part of the adult, he cannot disaffirm it, and sue the other party for the advance, whenever it was paid on a valuable consideration, which has been partially enjoyed, and especially if he had received the benefit of his contract. * *

"Where an infant pays money on a voidable contract, and has enjoyed the benefit of it, he cannot avoid it and recover back his money."

In *Clarke* v. *Tate,* 7 Mont. 171 (14 Pac. 761), it is said:

"We think that the sound rule is, as laid down by Chancellor Kent, as follows: 'If an infant pay money on his contract, and enjoys the benefit of it, and then avoids it when he comes of age, he cannot recover back the consideration paid. On the other hand, if he avoids an executed contract when he comes of age, on the ground of infancy, he must restore the consideration which he had received. The privilege of infancy is to be used as a shield, and not as a sword.'"

To the same effect are *Chicago Mut. Life Indemnity Assn.* v. *Hunt,* 127 Ill. 257, 277 (20 N. E. 55, 2 L. R. A. 549); *Bailey* v. *Barnberger,* 50 Ky. (11 B. Mon.) 113; *Hall* v. *Butterfield,* 59 N. H. 354 (47 Am. Rep. 209); *Berglund* v. *American Multigraph Sales Co.,* 135 Minn. 67 (160 N. W. 191).

Our attention has not been called to any Oregon case bearing upon the question, and as far as our investigation has disclosed, there is none.

In this condition of the authorities, we feel that we are in a position to pass upon the question as one of first impression, and announce the rule which seems to us to be the better one, upon considerations of principle and public policy.

We think, where the minor has not been overreached in any way, and there has been no undue influence, and the contract is a fair and reasonable one, and the minor has actually paid money on the purchase price, and taken and used the article, that he ought not to be permitted to recover the amount actually paid, without allowing the vendor of the goods the reasonable compensation for the use and depreciation of the article, while in his hands.

Of course, if there has been any fraud or imposition on the part of the seller, or if the contract is un-

fair, or any unfair advantage has been taken of the minor in inducing him to make the purchase, then a different rule would apply. And whether there had been such an overreaching on the part of the seller would always, in case of a jury trial, be a question for the jury.

We think this rule will fully and fairly protect the minor against injustice or imposition, and at the same time it will be fair to the business man who has dealt with such minor in good faith. This rule is best adapted to modern conditions, and especially to the conditions in our far western states.

Here, minors are permitted to and do in fact transact a great deal of business for themselves, long before they have reached the age of legal majority. Most young men have their own time long before reaching that age. They work and earn money and collect it and spend it oftentimes without any oversight or restriction.

No business man questions their right to buy, if they have the money to pay for their purchases. They not only buy for themselves, but they often are intrusted with the making of purchases for their parents and guardians. It would be intolerably burdensome for everyone concerned if merchants and other business men could not deal with them safely, in a fair and reasonable way, in cash transactions of this kind.

Again, it will not exert any good moral influence upon boys and young men, and will not tend to encourage honesty and integrity, or lead them to a good and useful business future, if they are taught that they can make purchases with their own money, for their own benefit, and after paying for them in this way, and using them until they are worn out and

destroyed, go back and compel the business man to return to them what they have paid upon the purchase price. Such a doctrine, as it seems to us, can only lead to the corruption of young men's principles and encouraging them in habits of trickery and dishonesty.

In view of all these considerations, we think that the rule we have indicated, and which is substantially the rule adopted in New York, is the better rule, and we adopt the same in this state.

We must not be understood as deciding at this time what would be the rule where the vendor is seeking to enforce an executory contract against the minor, which is a different question not necessarily involved in this case.

It follows that the judgment of the court below should be affirmed.

AFFIRMED.   REHEARING DENIED.

McBRIDE, C. J., and BEAN and JOHNS, JJ., concur.