Argued July 12, affirmed September 27, 1921.

## GAITHER v. WALLINGFORD.

(200 Pac. 910.)

**Appeal and Error—Finding of Fact by Trial Court not Reviewable.**

1. Where there is some evidence tending to sustain a finding of fact by trial court, the appellate court is precluded from inquiring into the comparative weight of evidence.

**Infants—Minor Held not Entitled to Disaffirm Sale of Automobile Where He cannot Put Seller in Statu Quo.**

2. Where a minor purchased an automobile, paying part down and agreeing to pay balance in installments, but after installments were paid refused to make additional payments, and on account of his misuse of the automobile the depreciation was greater than the payments made, he cannot disaffirm contract and recover money paid without compensating defendant for depreciation resulting from his misuse and abuse.

From Multnomah; GEORGE TAZWELL, Judge.

Department 1.

This is an action brought to recover certain sums of money paid by plaintiff as part of the purchase price of an automobile bought by him on the installment plan, from the defendant. The plaintiff bases his right to recover the money paid upon two grounds: First, fraud and misrepresentation by defendant as to the condition of the machine, inducing the purchase; second, minority of the plaintiff at the time of the purchase.

Upon the trial a jury was waived and the court made the following findings of fact:

"That on or about the first day of February, 1919, plaintiff and defendant entered into an agreement

---

2. When disaffirmance of contract by infant must be accompanied by restoration of consideration, see notes in 62 Am. Dec. 734; 46 Am. Rep. 317.

Right to allowance for use or depreciation of subject matter, in an action against seller to recover back purchase price upon disaffirmance of infant's contract, see note in 11 L. R. A. 491.

whereby plaintiff agreed to purchase from defendant, and defendant agreed to sell to plaintiff, under a conditional sales contract, a certain five (5) passenger Overland automobile No. 5053, motor No. 836087, for the sum of $619.38; that as an initial payment upon said contract, plaintiff paid to defendant the sum of $50 in cash and delivered and transferred to plaintiff [defendant] a certain 'American Bug Automobile,' at a valuation of $200; that by the terms of said agreement the plaintiff agreed to pay to defendant the balance due on said Overland automobile, being the sum of $369.58, in ten equal installments of not less than $36.93 each, together with interest due on unpaid portions of said balance at the rate of 8 per cent per annum, payable at the date of payment of each installment; that plaintiff further agreed to keep said Overland automobile in good repair at all times and that he would not misuse or abuse the same; that it was further agreed by the terms of said instrument that the ownership and title to said automobile would remain in the defendant until fully paid for by the plaintiff and that in the event of failure to make the payment as aforesaid, or in the event that plaintiff permitted the said automobile to become out of repair and condition, the defendant should have the right to recover the same from plaintiff and to sell it or otherwise dispose of the same and to apply the proceeds of said sale to the payment of any balance due upon the purchase price thereof.

"That the terms of said contract were fair, reasonable, usual and advantageous to plaintiff, and the said contract was not obtained from plaintiff by means of fraud or deceit, nor did defendant take any unfair advantage therein or thereunder.

"That at the time of said sale, defendant was a minor under the age of twenty-one (21) years, to wit, of the age of twenty (20) years, but that on July 26th, 1919, following the date of said sale, which said date was February 1, 1919, as aforesaid, the minor

became of the age of twenty-one (21) years and reached his majority.

"That plaintiff some years prior to the making of said contract had been emancipated by his father in that he was permitted to retain his own earnings and required to pay for his own maintenance therefrom, and that [at] the time of making said sale, said minor represented himself to be a married man and had the appearance of a man above the age of twenty-one (21) years and that he did not reveal his minority to the defendant, but permitted the defendant to believe him to be above the age of twenty-one (21) years and capable of contracting in his own name.

"That on February 1st, 1919, plaintiff paid defendant two hundred fifty ($250) dollars, and on March 1, 1919, the sum of $39.39; and on March 31, 1919, the sum of $39.13; and on May 1, 1919, $38.89; making in all $367.41 paid by plaintiff to defendant on account of said contract; that plaintiff thereafter refused to pay any further sums to defendant, though the same was [were] frequently demanded from plaintiff by defendant; that defendant then demanded possession of said automobile, which was refused, and defendant was, on or about the thirteenth day of August, 1919, forced to, and did take possession of said Overland automobile under the terms of said agreement as aforesaid.

"That thereafter, on the fifteenth, twentieth and twenty-fifth days of August, 1919, defendant advertised and published the notice of sale of said automobile in 'The Daily Record-Abstract,' a daily newspaper published in and of a general circulation in the county of Multnomah, State of Oregon; that on the thirteenth day of August, 1919, defendant posted on the bulletin-boards on the Burnside Bridge, Morrison Bridge and at the courthouse, in the City of Portland, Multnomah County, Oregon, a full copy of notice of sale; that as advertised in said notice of sale, said automobile was offered for sale and

sold on the twenty-sixth day of August, 1919, to defendant for the sum of $303.17.

"That when possession of said Overland automobile was taken by plaintiff on the first day of February, 1919, said automobile was in good repair and in usable and salable condition and was of the fair and reasonable value of $600; that while said Overland automobile was in the possession of plaintiff, said plaintiff carelessly and negligently misused and abused said automobile, rendering the same almost a total wreck and wholly unfit for use and unsalable, and that the deterioration in the value of said automobile while in the possession of plaintiff and subject to his control and use deteriorated to an amount equaling or exceeding the sum of all the payments of chattels and money paid to defendant by plaintiff upon the purchase price of said automobile, namely, $367.41, and that it would be unjust and inequitable for plaintiff to recover from the defendant the money or any portion thereof paid in by him upon said automobile after retaining possession of the same for more than six months and misusing and abusing the same and rendering the same unfit for use or sale and retaining said automobile until after his minority and thereafter until the same was demanded and taken back by defendant.

"That said plaintiff did not rescind his contract either before or after attaining his majority, either by himself or by any person authorized to act for him and did not tender back the automobile, but that defendant was compelled to retake the machine on account of the violation of said contract by plaintiff."

Upon these findings a judgment was rendered for defendant, and plaintiff appeals.          AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Arthur I. Moulton.*

For respondent there was a brief over the names of *Mr. George Estes* and *Mr. W. B. Kauffman,* with an oral argument by *Mr. Estes.*

McBRIDE, J.—1. The testimony in the case was somewhat conflicting, but we are of the opinion that there is some evidence tending to sustain each finding. We are therefore precluded from any inquiry into the comparative weight of the testimony.

2. Assuming, therefore, as we must, that the findings are correct, this case does not differ in principle from *Petit* v. *Liston,* 97 Or. 464 (191 Pac. 660, 11 A. L. R. 489). That case was carefully considered and we are not disposed in any way to depart from the doctrines therein enunciated. On the authority of that precedent and the cases therein cited, the judgment in the instant case must be affirmed, and it is so ordered.                    AFFIRMED.

BEAN, JOHNS and HARRIS, JJ., concur.