[Civ. No. 5435.   First Appellate District, Division Two.—November 24, 1926.]

WILLIAM A. MURDOCK, a Minor, etc., Respondent, v. FISHER FINANCE CORPORATION (a Corporation), Appellant.

[1] MINORS—CONTRACTS—RESCISSION—EQUITY.—The right of a minor to disaffirm his contract upon returning the consideration or paying its equivalent, like the right to rescind accorded a party under section 1688 et seq. of the Civil Code, is based upon the equitable consideration that where a contract is made under the circumstances enumerated in the Code, the court should be permitted to use its equity power to place the parties *in statu quo* as nearly as this may be done.

[2] ID. — RESCISSION — RESTORATION — CONDITION PRECEDENT. — As a consideration precedent to the maintenance of an action in rescission the plaintiff must have restored the consideration or must have offered to do so.

[3] ID.—PURCHASE OF PERSONAL PROPERTY—RESCISSION—RESTORATION—EQUITY.—When the subject of the contract is the purchase of personal property for the use of the minor equity demands, if he wishes to rescind, that he restore, or offer to restore it, in as good condition as when delivered to him, or that he pay its equivalent.

[4] ID. — CONTRACT FOR PURCHASE OF AUTOMOBILE — RESCISSION — ACCOUNTING — EQUITY. — In an action by a minor of the age of nineteen years to rescind a contract for the purchase of an automobile, equity cannot be done until an accounting is had of the charges and countercharges as to each party, where the minor offered to restore said automobile after having driven the same about three thousand miles and damaged the same, and defendant received from the minor a Ford automobile which was applied on the purchase price of the automobile that the minor agreed to buy from defendant.

[5] ID.—PLEADING—ISSUES—RELIEF.—Where the complaint is answered the trial court can give judgment for any relief consistent with the case made by the complaint and embraced within the issue.

[6] ID.—ACCOUNTING—TENDER—EQUITY.—In a case where it is necessary to have an accounting to ascertain the sum to be repaid, the rule regarding a tender, etc., is not so strict because the

2. See 4 Cal. Jur. 764; 4 R. C. L. 511.
3. See 14 Cal. Jur. 127.
5. See 21 Cal. Jur. 67.

court will be able to fix the amount after hearing the evidence and thus do equity between the parties.

[7] Id. — Use and Depreciation of Automobile — Consideration — Evidence.—In such action, the plaintiff should be charged with the use and with the depreciation of the automobile he agreed to purchase from defendant, and the defendant is chargeable with the use and depreciation, if any, on the Ford car it received from plaintiff; and if the latter car has been sold defendant's liability on that element would be the reasonable value of such car at the time defendant received it from the plaintiff, less the sum which defendant paid to the former owner thereof to obtain a bill of sale.

---

(1) 13 C. J., p. 620, n. 59; 31 C. J., p. 1069, n. 56, p. 1071, n. 71. (2) 13 C. J., p. 620, n. 52. (3) 31 C. J., p. 1022, n. 92. (4) 31 C. J., p. 1022, n. 94 New. (5) 33 C. J., p. 1146, n. 91. (6) 31 C. J., p. 1022, n. 94 New. (7) 31 C. J., p. 1022, n. 94 New.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis W. Ward, Judge. Reversed.

The facts are stated in the opinion of the court.

Franklin T. Poore for Appellant.

Roy A. Bronson and E. D. Bronson, Jr., for Respondent.

NOURSE, J.—Plaintiff, a minor of the age of nineteen, sued to rescind his contract with the defendant for the purchase of an automobile. The plaintiff recovered judgment for $615.97 with interest and the defendant has appealed on a typewritten transcript.

On June 17, 1924, the parties executed their written contract whereby the plaintiff agreed to purchase from the defendant a Stutz automobile for the stipulated purchase price of $917.12, $450 thereof to be paid upon the execution of the agreement and the balance in equal monthly installments of $51.90 each. Plaintiff satisfied the initial payment by delivering to defendant a Ford automobile and thereafter paid in cash the sum of $165.75. On October 7, 1924, the plaintiff in writing notified the defendant of his disaffirmance of this contract, offered to restore the Stutz car and demanded payment of the sum of $615.75. During the period of three and two-thirds months when the plain-

tiff had possession of the car he had driven it something over three thousand miles, using it for both business and pleasure. While driving the car he had been in collision with another car and had destroyed one of the fenders; he had stripped the gears and otherwise damaged the car to the extent of $128 in repairs which the defendant was required to pay. When he attempted to rescind the contract he made no offer to restore the consideration nor specifically to reimburse defendant for the use of the car, the depreciation through ordinary use, or the cost of the repairs. He merely offered to restore the car in its damaged condition and demanded that the defendant pay him the sum of $615.75 in money though he, the plaintiff, had covered $450 of that sum by the delivery to defendant of a second-hand Ford car.

[1] Section 35 of the Civil Code permits a minor to disaffirm his contract upon returning the consideration or paying its equivalent. This right to disaffirm, like the right to rescind accorded a party under sections 1688 et seq. of the same code, is based upon the equitable consideration that where a contract is made under the circumstances enumerated in the code, the court should be permitted to use its equity power to place the parties *in statu quo* as nearly as this may be done. For this reason section 35 provides that a minor over the age of eighteen may disaffirm upon restoring the consideration or paying its equivalent. Section 1691 provides that a party to a contract may, under certain conditions, rescind, but that he. must restore to the other party everything of value which he has received, or must offer to restore the same.

[2] It is the settled rule of law that as a condition precedent to the maintenance of an action in rescission the plaintiff must have restored the consideration or must have offered to do so. (4 Cal. Jur., pp. 764, 765; *Crouch* v. *Wilson*, 183. Cal. 576, 584 [191 Pac. 916].) This rule has become so well established that it has been held that the plaintiff seeking rescission must allege and prove that he has either restored or offered to restore the consideration. (*Crouch* v. *Wilson, supra.*) There are no California cases directly on the point, but the reasoning of the cases arising under section 1691 is equally applicable to those arising under section 35 and cases from other jurisdictions arising under similar statutes support the conclusion that when a

minor over eighteen years of age seeks to disaffirm his contract, he must, as a condition precedent to the maintenance of an action, either restore the consideration he has received or pay its equivalent, or he must offer to do so.

[3] When the subject of the contract is the purchase of personal property for the use of the minor equity demands that he restore, or offer ·to restore it, in as good condition as when delivered to him, or that he pay its equivalent. (*Pettit* v. *Liston*, 97 Or. 464 [11 A. L. R. 487, 184 Pac. 328, 191 Pac. 660]; *Gaither* v. *Wallingford*, 101 Or. 389 [200 Pac. 910]; *Luce* v. *Jestrab*, 12 N. D. 548 [97 N. W. 848]; *Sparandera* v. *Staten Island Garage*, 117 Misc. Rep. 780 [193 N. Y. Supp. 392, 395]; *Rice* v. *Butler*, 160 N. Y. 578 [73 Am. St. Rep. 703, 47 L. R. A. 303, 55 N. E. 275].)

*Pettit* v. *Liston*, *supra*, involved the purchase of a motorcycle by a minor and the opinion contains some language which is particularly appropriate here: "We think, where the minor has not been overreached in any way, and there has been no undue influence, and the contract is a fair and reasonable one, and the minor has actually paid money on the purchase price, and taken and used the article, that he ought not to be permitted to recover the amount actually paid, without allowing the vendor of the goods the reasonable compensation for the use and depreciation of the article, while in his hands. . . . We think this rule will fully and fairly protect the minor against injustice or imposition, and at the same time it will be fair to the business man who has dealt with such minor in good faith. This rule is best adapted to modern conditions, and especially to the conditions in our far western states. Here minors are permitted to and do in fact transact a great deal of business for themselves, long before they have reached the age of legal majority. Most young men have their own time long before · reaching that age. They work and earn money and collect it and spend it oftentimes without any oversight · or restriction."·

Plaintiff insists that the case is within *LeBaron* v. *Berryessa etc. Co.*, 78 Cal. App. 536, [248 Pac. 779], decided by this court on June 26, 1926. But that case is clearly not in point because the notice of disaffirmance in that case contained the specific offer to restore the entire consideration

moving to the minors out of the transaction and the trial court found after a full hearing and upon conflicting evidence that the entire consideration had been restored. The offer to restore was complete and the finding was supported by competent evidence, but such is not the case here.

Before proceeding further it is proper to state that plaintiff had possession of the Stutz automobile for about four months, used it for business and for pleasure, and drove it about three thousand miles. When he returned it to the defendant it was "in a partially depreciated condition." At the time of the disaffirmance the evidence does not disclose whether the defendant still held the Ford car which it had received in part payment, nor whether that car had been in use and if so the value of that use; and whether that car had been depreciated in value and if so how much; and what was the value of the Ford car at the time that the defendant received it or at the time of the disaffirmance.

[4] Where the original transaction involves such complicated facts as we have recited it is clear that equity cannot be done until an accounting is had of the charges and countercharges as to each party. [5] Where the complaint is answered the trial court can give judgment for any relief consistent with the case made by the complaint and embraced within the issue. (Code Civ. Proc., sec. 580.) [6] Moreover, in a case where it is necessary to have an accounting to ascertain the sum to be repaid, the rule regarding a tender, etc., is not so strict because the court will be able to fix the amount after hearing the evidence and thus do equity between the parties. (*California etc. Co.* v. *Schiappa-Pietra,* 151 Cal. 732, 740 [91 Pac. 593].) [7] That the plaintiff should be charged with the use and with the depreciation of the Stutz car is clear. (*Bray* v. *Lowrey,* 163 Cal. 256 [124 Pac. 1004].) For the same reasons the defendant is chargeable with the use and depreciation if any on the Ford car. If, perchance, it had sold the Ford car its liability on that element would be the reasonable value of the Ford car at the time it received it from the plaintiff, less the sum of $50 which this defendant paid to the former owner thereof to obtain a bill of sale. (*Blahnik* v. *Small Farms, etc.,* 181 Cal. 379, 384 [184 Pac. 661].)

The fourth finding made by the trial court was as follows: "That heretofore and prior to the commencement of this action plaintiff paid the defendant on account of said purchase price the sum of $615.75." The only evidence regarding his payments is that he made three separate payments of $51.90 or $155.70. To ascertain the items of the account above referred to will require the taking of additional evidence and the making of findings thereon.

The judgment is reversed and the cause is remanded to the trial court for the taking of the additional evidence and for the purpose of obtaining a finding of that court in accordance with the views herein expressed.

Sturtevant, J., and Cabaniss, P. J., *pro tem.,* concurred.