[Civ. No. 4499. Second Appellate District, Division Two.—November 25, 1927.]

EDWARD E. TOON, a Minor, etc., Appellant, v. MACK INTERNATIONAL MOTOR TRUCK CORPORATION (a Corporation), Respondent.

152

Seth B. Smith and Vinton A. Holbrook for Appellant.

Overton, Lyman & Plumb and George W. Prince, Jr., for Respondent.

PEAIRS, J., *pro tem.*—This is an appeal upon the judgment-roll alone. The facts material to a consideration of this appeal, so far as shown by the pleadings and findings, are as follows: That the appellant (plaintiff below), at all times hereafter so mentioned, was a minor, over the age of eighteen years. That on the twelfth day of January, 1921, the appellant, as purchaser, entered into a contract with the respondent (defendant below), as seller, for the purchase of a five-ton A. C. Mack truck for the purchase price of $7,540.75, payable $1,500 in cash, which payment was made by the appellant to the respondent, and the balance was payable in eighteen payments represented by a series of notes bearing eight per cent interest, the first of which matured on March 1, 1921, and the other seventeen maturing one each month thereafter. That subsequently the appellant paid the sum of $225 on the purchase price of said truck, $216.90 being toward the principal of the first maturing note and the balance, or $8.10, being on account of interest. That no other or further payments were made by appellant. Thus altogether the appellant paid the sum of $1,725 to respondent. That at the time the contract was entered into possession of the truck was delivered to the appellant, who continued to hold the same until the fourteenth day of June, 1921, when it was repossessed from

him by the respondent for his failure to make the payments required by the contract, which contract provided that title should remain in the respondent until the truck was fully paid for, and that for failure to make such payments the respondent could repossess itself of the truck, whereupon all of the rights of the appellant should terminate. That at the time said truck was repossessed it was in a worn and dilapidated condition and had depreciated in the sum of $2,000 in value and the reasonable value thereof at that time was $5,500.

That subsequent to such repossession, and on the twenty-first day of September, 1921, the appellant in writing notified the respondent that he disaffirmed the contract and demanded back all moneys paid by him under the contract: That the appellant has delivered back to respondent the identical truck received by him and all that he received under the contract for the purchase of said truck other than the depreciated value thereof.

█ The appellant claims that this being an appeal on the judgment-roll alone, the only question presented for review is whether or not the findings support the judgment, and counsel agree that "The issue involved in this appeal is: Whether or not a minor over the age of eighteen years, who disaffirms a contract for the purchase of personal property and restores said property to the seller, must pay to the latter the amount in money found by the lower court to be equivalent to the loss sustained by the seller by reason of the depreciation in value of the article purchased, during its possession by the minor, as a condition precedent to an effectual disaffirmance." Section 35 of the Civil Code is as follows: "In all cases other than those specified in sections thirty-six and thirty-seven, the contract of a minor, if made while he is under the age of eighteen, may be disaffirmed by the minor himself, either before his majority or within a reasonable time afterwards; or, in case of his death within that period, by his heirs or personal representatives; and if the contract be made by the minor whilst he is over the age of eighteen, it may be disaffirmed in like manner upon restoring the consideration to the party from whom it was received, or paying its equivalent."

This court has very carefully considered the arguments and citations of counsel but finds that the law involved in

this class of cases is so completely set out in the case of *Murdock* v. *Fisher Finance Corp.*, 79 Cal. App. 787 [251 Pac. 319], including practically all cases in this state and some Oregon and New York cases, which have material bearing, that we feel that no considerable discussion is necessary, other than to quote certain portions of that opinion. In the case of *Rice* v. *Butler*, 160 N. Y. 578 [73 Am. St. Rep. 703, 47 L. R. A. 303, 55 N. E. 275], we find this language: "It will thus be seen that the cases to which we have alluded recognize the principle which we think ought to be applied to this case, and that is, that the plaintiff, having had the use of the bicycle during the time intervening between her purchase and its return, ought, in justice and in fairness, to account for its reasonable use or deterioration in value. Otherwise, she would be making use of the privilege of infancy as a sword, and not as a shield. In the absence of wanton injury to the property, the value of the use would be deemed to include the deterioration in value, and, under the evidence in this case and as found by the trial court, the use equalled the sum paid." We call particular attention to the words: "to account for its reasonable use or deterioration in value," and to the words: "the value of the use would be deemed to include the deterioration in value," also to that portion of the Murdock opinion, *supra*, which reads as follows: "It is the settled rule of law that as a condition precedent to the maintenance of an action in rescission the plaintiff must have restored the consideration or must have offered to do so. (4 Cal. Jur., pp. 764, 765; *Crouch* v. *Wilson*, 183 Cal. 576, 584 [191 Pac. 916].) This rule has become so well established that it has been held that the plaintiff seeking rescission must allege and prove that he has either restored or offered to restore the consideration. (*Crouch* v. *Wilson, supra.*) There are no California cases directly on the point, but the reasoning of the cases arising under section 1691 is equally applicable to those arising under section 35, and cases from other jurisdictions arising under similar statutes support the conclusion that when a minor over eighteen years of age seeks to disaffirm his contract, he must, as a condition precedent to the maintenance of an action, either restore the consideration he has received or pay its equivalent, or he must offer to do so." We call attention also to this quota-

tion in the Murdock case wherein the court says, referring to the case of *Pettit* v. *Liston*, 97 Or. 464 [11 A. L. R. 487, 191 Pac. 660]: "*Pettit* v. *Liston, supra,* involved the purchase of a motorcycle by a minor and the opinion contains some language which is particularly appropriate here: 'We think, where the minor has not been overreached in any way, and there has been no undue influence, and the contract is a fair and reasonable one, and the minor has actually paid money on the purchase price, and taken and used the article, that he ought not to be permitted to recover the amount actually paid, without allowing the vendor of the goods the reasonable compensation for the use and depreciation of the article, while in his hands.' . . . We think this rule will fully and fairly protect the minor against injustice or imposition, and at the same time it will be fair to the business man who has dealt with such minor in good faith. This rule is best adapted to modern conditions, and especially to the conditions in our far western states."

It seems to be plain from the statements of counsel in their briefs and from the findings of the court in this case that the plaintiff did not pay or offer to pay the consideration received by him, further than to return the truck. The court found that the truck had depreciated during the time of the possession of the plaintiff in the sum of $2,000 and that the plaintiff had only paid to the defendants $1,725. The quotation by our appellate court from the New York case which uses the words "reasonable use or deterioration in value" and later says that the value of the use would be deemed to include the deterioration in value would seem to indicate the opinion that the deterioration which may be well considered a synonym for depreciation is at least one of the measures of the consideration received by the plaintiff. Further, it is to be presumed that the judge of the superior court, in trying this case, had sufficient facts before him to warrant his findings, and that the use of the word "depreciation" may rightfully include the value of the use of the truck during the five months' period that it was in the possession of the plaintiff.

The fact that the plaintiff had paid $1,725 might preclude the necessity for an offer of or payment of a consideration for the use of the truck during the five months' period, but the court, having found a depreciation in value

during the possession by the plaintiff of the sum of $2,000, and there being no showing that anyone other than plaintiff had had the use, care, or control of the truck during the period above mentioned, or that there was any other reason for depreciation, and its judgment being for the defendant, together with its costs of suit, has thus made an allowance to the plaintiff of the sum of $275, the difference between $2,000 and $1,725 paid, which was a decision which the court was authorized to and did make. Therefore the judgment will not be disturbed.

As to the attitude of the court upon the law, and the interpretation of the sections of our code and decisions which may have more or less bearing upon the issues of this case, we believe that they have been sufficiently discussed in the case of *Murdock* v. *Fisher Finance Corp.*, *supra*.

The judgment is affirmed.

Works, P. J., and Thompson, J., concurred.