Mrs. Thelma K. Moskovitz, Jr., a Minor, by Bessie Kantor, her Next Friend, Plaintiff in Error, v. Kerman Stores Company, Defendant in Error.

Gen. No. 34,495.

Heard in the first division of this court for the first district at the October term, 1930. Opinion filed December 22, 1930. Rehearing denied January 5, 1931.

KOVEN & PERLMAN, for plaintiff in error; HENRY PERLMAN, of counsel.

HETH, LISTER & COLLINS, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, a minor, brought suit by her next friend against the defendant to recover $989.40, claiming that she had purchased dresses and other wearing apparel for herself, for which she agreed to pay $4,016.90, from

the defendant who conducted a retail store in Chicago; that she made payments on account aggregating $1,497.85 and that but $508.45 worth of the apparel had been delivered to her; that on account of her minority she elected to rescind the contract and brought suit to recover the excess sum paid to the defendant. There was a trial before the court without a jury and a finding and judgment in defendant's favor and plaintiff appeals.

The record discloses that plaintiff was not quite 17 years old and was to be married within a short time; that she and her mother went to defendant's store for the purpose of purchasing her trousseau and that purchases were there made aggregating more than $4,000. At that time $180 was paid on account, but it appears that none of the apparel was to be delivered until paid for. Shortly thereafter other payments were made until they aggregated $1,497.85, and the evidence further shows that the defendant delivered to the plaintiff goods of the value of but $508.45. The foregoing is established by the undisputed evidence and there is no contention to the contrary, but the controversy on the trial and in this court seems to be whether the goods were sold to plaintiff's father and the money actually paid was the father's money, as defendant contends, or whether the sale was to plaintiff and the money given to her by her father, as plaintiff contends. Plaintiff's position is that prior to her marriage her father told her that he would give her $4,000 to be used by her for the purpose of paying for her trousseau or that it might be spent as she saw fit.

The evidence is undisputed that the money paid was money furnished by the father, and a great deal of argument in the defendant's brief is to the effect that this fact being established, plaintiff could not recover. We think this contention is unsound. If the father had agreed to give his daughter $4,000 to be used by her

as stated, and if the defendant sold the trousseau to the daughter, the fact that the father actually advanced the money to the daughter or paid it direct to the defendant would not make it his contract; but the contract would be the daughter's, and she being a minor might, under the law, repudiate the contract and recover back the amount of money she had paid in excess of the goods delivered to her.

In the instant case we think the evidence shows that the contract was made by the daughter with the defendant company and not with her father. He was not at the store when the purchase was made; she went with her mother, and the evidence shows that the defendant charged the goods to the plaintiff and not to her father. Defendant also gave credit on the account to the daughter. The father was not brought into the case until some time after the contract was made, and then his important part was to furnish the money which the evidence showed he had agreed to give his daughter. Since we are of the opinion that the finding is against the manifest weight of the evidence, and since there was no jury trial, the judgment will be reversed with a finding of fact and judgment will be entered in favor of the plaintiff.

The judgment of the municipal court of Chicago is reversed with a finding of fact, and judgment is entered in this court in favor of plaintiff and against the defendant for $989.40.

*Judgment reversed with a finding of fact and judgment in this court.*

MATCHETT, P. J., and McSURELY, J., concur.

Finding of fact: We find as a fact that the contract for the purchase and sale of the trousseau was made between plaintiff, a minor, and the defendant.