Alan D. Burnet, Appellee, v. Simeon B. Chapin et al., Defendants. Ira J. Couch, Impleaded, etc., Appellant.

**Gen. No. 36,792.**

187

Heard in the second division of this court for the first district at the June term, 1933. Opinion filed March 6, 1934.

CAMERON & HEATH, for appellant.

CHARLES E. GRUENBERG, for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

By this appeal defendant, Ira J. Couch, impleaded with other members of a copartnership doing business under the name of S. B. Chapin & Co., seeks to reverse a judgment for $1,300 rendered against him in an action tried by the court without a jury, based on the disaffirmance of a contract made by a minor.

Plaintiff's statement of claim filed October 31, 1932, alleged he was born August 5, 1911; that on or about July 16, 1931, he entered into a contract to purchase and did purchase from defendant's company 30 shares of Insull Utilities Investments, Inc., paying therefor $875; that again on or about October 1, 1931, he purchased from Chapin & Co. 35 shares of the same stock, paying therefor $425; that at the time of the respective stock purchases he was a minor; that October 6, 1932,

after attaining his majority, he disaffirmed his contract for the purchase of the stock, tendered and offered to return same and demanded the return of $1,300 paid by him in consummating the purchase of the stock; and that the company refused to accept the stock and return his money.

Defendant's affidavit of merits, after admitting the truth of the above allegations except as to plaintiff's age, and demanding strict proof of that, asserted that in July, 1931, when plaintiff requested the company to make the first purchase of stock for him, he falsely represented to it that he was not a minor but over 22 years of age; and that relying upon such representation, and believing it to be true, defendant's firm accepted plaintiff's account, agreed to and did purchase the stock for him.

The salient, undisputed facts are that plaintiff first went to the office of S. B. Chapin & Co., stockbrokers in Chicago, July 13, 1931; that he paid $1,000 and requested that 30 shares of Insull Utilities Investments, Inc., be purchased for his account; that the purchase was made for $875, and $125, the balance of his deposit, was returned to him and the stock certificate delivered shortly thereafter; that September 21, 1931, plaintiff deposited with defendant's firm $200 and instructed it to purchase 35 additional shares at $12 a share, which cost with commission $425; that October 3, 1931, he paid $225 completing the payment for the additional shares; and that October 10, 1931, he received the stock certificate.

The evidence discloses that upon plaintiff's first visit to the office of Chapin & Co., when he opened his account, he was asked his age by the representative of the company with whom he dealt and answered that he was 22 years of age. Plaintiff did not deny on the trial that he misrepresented his age and the court, in a special finding of fact, held that at the time plaintiff

opened his account with defendant's firm he represented that he was not a minor but 22 years of age.

Defendant contends (1) that the misrepresentation as to his age made by plaintiff, in procuring the purchases of stock to be made for him by defendant's firm, constitutes a defense to a suit for recovery of the purchase price brought by plaintiff after attaining his majority; and (2) that, in any event, plaintiff by delaying an unreasonably long time, under all the circumstances, in disaffirming his contract after becoming of age is barred from recovery.

Plaintiff's theory is that the alleged misrepresentation as to his age is not a defense where he has not received anything he refuses or does not offer to return; that he disaffirmed the contract and offered to return the stock within a reasonable time after attaining his majority; that a misrepresentation, in order to permit recoupment on the part of defendant, must be a false statement of a material fact known or believed by the party making it to be untrue, and made by him for the purpose of inducing action by the other party who believes the representation to be true and relies upon it to his injury; and that defendant neither alleged in his affidavit of merits nor proved these necessary elements of misrepresentation.

In *Hunter v. Egolf Motor Co.,* 268 Ill. App. 1, where an automobile purchased on a conditional sales contract by a minor representing himself as an adult was turned back to the vendor for repairs, after having been used by the minor for about a month and a half, and then held by the vendor because of a controversy as to the liability for the repair bill, and where the vendor asserted that he should be allowed recoupment to the extent of the depreciation in the value of the car, in an action by the minor to recover upon his disaffirmance of the contract the amount theretofore paid by him to the vendor, the court said at pp. 4, 5 and 6:

"The principal question arising on this record is: Can a minor falsely represent his age to a company for the purpose of making a contract of purchase and procure property under such contract and then be entitled to rescind the contract and recover the amount he has paid on the obligation? Similar questions have been before the courts of this country on various occasions and the decisions are not wholly uniform, yet the weight of modern authority is to treat all contracts with infants, except for necessaries, as voidable at the instance of the infant.

"The general rule applicable to contracts, other than for necessaries, is that an infant is not liable thereon but is liable for his torts. In holding an infant liable for his torts the law is solicitous not to impair the immunity given him against liability upon his contracts. It has been said that the only satisfactory test is, Can an infant be liable for a tort without directly or indirectly enforcing his promise under a contract?

"In *Hauser v. Marmon Chicago Co.*, 208 Ill. App. 171, the court, in a memorandum opinion, held that 'Minors, upon restoration of an automobile to the seller, although it has been used and has deteriorated in value, are entitled to rescind the contract of sale and recover back that part of the purchase price which has been paid.'

"The rule as announced in *Ashlock v. Vivell*, 29 Ill. App. 388, would seem to be that if a minor falsely represents his age to a person to buy something with the intention of never paying for it, then such act would be a tort and in such case an infant would not be relieved from the damage caused the other party by his tort, but if a minor falsely represents his age to another for the purpose of making a purchase with the intention of carrying out his contract, then his failure to carry out the contract is a breach of contract and not a tort and he cannot be held liable for the

damage that he has caused. The court also, in its opinion in the same case, upon page 392, quoted with approval Cooley on Torts as follows: 'There are some cases, however, in which an infant cannot be held liable as for a tort, although on the same state of facts a person of full age and legal capacity might be. The distinction is this: If the wrong grows out of contract relations, and the real injury consists in the nonperformance of a contract into which the party wronged has entered with an infant, the law will not permit the former to enforce the contract indirectly, by counting on the infant's neglect to perform it or omission of duty under it as a tort. The reason is obvious. To permit this to be done would deprive the infant of that shield of protection which, in matters of contract, the law has wisely placed before him.'

"The court also quoted Chancellor Kent (2 Kent's Com. page 277, 10th Ed.) as follows: 'The fraudulent act, to charge him, must be wholly tortious, and a matter arising *ex contractu,* though infected with fraud, cannot be changed into a tort in order to charge the infant in trover, or case, by a change in the form of the action. . . .'

"The exercise of a minor's right to disaffirm his contract may operate injuriously and sometimes unjustly against the other party, but the right exists for the protection of the infant against his own improvidence and may be exercised entirely in his discretion. (*Wuller v. Chuse Grocery Co.,* 241 Ill. 398.)"

The evidence in that case disclosed that the minor, notwithstanding the misrepresentation as to his age, entered into the contract to purchase the car in good faith and with no intention to perpetrate a fraud. He turned in another car on his purchase, made a substantial cash payment and his first instalment payment. It was because of what he considered the failure of the vendor to make good on its guarantee of the car that

he repudiated his contract on the ground of his infancy. At the time of the disaffirmance the seller had the new car, which had been used less than two months, the minor's old car and his cash payments. In view of the facts and equities in that case, in our opinion, the court was clearly justified in affirming the judgment in favor of the minor.

As was stated in the *Hunter* case, *supra,* the weight of modern authority confirms the right of a party to a contract, entered into during his minority, to disaffirm his voidable contract either before or after he becomes of age, especially if upon disaffirmance he tenders to the other party the benefit he has received under it, even though the contract was induced by his representation that he was an adult.

There is respectable authority that holds that when a youth who has the appearance of maturity falsely represents himself as an adult, and the other party is led to believe such infant is an adult and makes a contract with him, the benefit of which he obtains and retains, he is estopped both by law and equity to plead the privilege of infancy to void the contract. (*LaRosa v. Nichols,* 92 N. J. L. 375, 105 Atl. 201, 6 A. L. R. 412; *Pinnacle Motor Co. v. Daugherty,* 231 Ky. 626; *Tuck v. Payne,* 159 Tenn. 192; *Watters v. Arrington,* 39 Ga. App. 275, 146 S. E. 773.)

It has also been held under the same circumstances that, while an infant is not estopped to set up his infancy because of false representations as to his age, natural justice will not permit him to recover money paid for the property without compelling him to account for the injury his deceit has inflicted on the other person. (*Myers v. Hurley Motor Co.,* 273 U. S. 18, 47 Sup. Ct. 277, 50 A. L. R. 1181.)

It has likewise been held that an infant who fraudulently deceives a vendor as to his age, must permit the vendor to recoup any damage caused by deteriora-

tion or depreciation due to the use of the property purchased when he seeks to rescind his voidable contract and recover payments made thereunder. (*Steigerwalt v. Woodhead Co.*, 186 Minn. 558.)

However, in the instant case, which involves an outright purchase of speculative stock for cash, the only evidence of fraud on which defendant relies to preclude plaintiff's recovery is his bare statement that he was 22 years of age at the time of the transaction when, in fact, he was just under 20. There is no evidence as to whether his appearance was mature or immature. Prior to acceptance of his account, in addition to his name and address, he was asked for a banking reference and his business and age. His answers indicating that he was a student at Armour Institute College and giving his banking reference were written on the "customer's" or reference card, but his age was not noted although there was a space on the card for it. That defendant's firm did not rely entirely on plaintiff's statements is evidenced by the testimony of its witness, Costin, who stated that in entering the information from the "customer's" card she wrote into her record "investigated," in addition to the information disclosed on the card. The record does not reveal the character of defendant's investigation, but it appears to us that plaintiff's correct age could have been easily ascertained by a telephone call to Armour Institute College or to Lake View Trust & Savings Bank, which he gave as reference, if sufficient and proper interest had been manifested in his age by the company. The purchase of speculative stock by a minor was an improvident contract for him and in this character of transaction the law is well settled that parties dealing with him do so at their peril. It was the duty of defendant's firm to make at least a reasonable effort to ascertain whether or not a person of doubtful age was of legal age before it dealt with him.

Neither the evidence nor any reasonable inference that may be drawn therefrom proves or even tends to prove that plaintiff, when he misstated his age, did so with any fraudulent intent. It indicates rather that he was impelled by a craving to speculate in stock and in no other way could he indulge that craving than by representing that he was an adult. If this original intention had been fraudulent, is it not reasonable to suppose that in September, 1931, after the stock originally purchased by him had dropped about 17 points, he would have then repudiated his contract and demanded the return of his money rather than make a purchase of additional stock? Upon attaining his majority he tendered and offered to return the stock. He retained no benefit that he received from defendant. No case has been cited and we have been unable, after diligent search, to find one that holds that under the facts and circumstances as they appear in this case plaintiff is estopped from disaffirming his contract and recovering the money paid on same.

If the law of this State permitted recoupment under the circumstances disclosed here, still it would be incumbent on defendant to show that the representation made by plaintiff was knowingly false; that it was made with the intent to deceive defendant; that it was believed and relied upon by him and that he was damaged thereby. Assuming that all the other elements of fraud have been sufficiently proven there is not a scintilla of evidence in this record that defendant has suffered any damage by the disaffirmance of the contract. There is not a particle of evidence to indicate the price or value of the stock on the date of the disaffirmance or at the time of the trial. The record is absolutely silent on the question as to whether the stock, at the time of the trial or the disaffirmance of the contract, had the same value that it had when pur-

chased, whether it had a greater or lesser value or was valueless. Some definite actual damage growing out of the same transaction must be shown to afford a basis for recoupment.

It is true that counsel for defendant calls on this court to take judicial notice of the depression. This we have done in other causes and we do in this, but neither judicial notice of the depression nor defendant's intimation that the stock in question has depreciated in value can be held to be a legal substitute for proof of actual damage suffered by reason of depreciation in the price or value of a particular stock. Thus it clearly appears there was no evidence to justify any recoupment in this cause.

In answer to defendant's contention that disaffirmance of the infant's contract within less than two months after he became of age constituted an unreasonable delay, it is sufficient to state that a careful examination of many authorities confirms our conclusion that the time within which the contract was rescinded was manifestly reasonable.

For the reasons indicated the judgment of the municipal court is affirmed.

*Affirmed.*

GRIDLEY and SCANLAN, JJ., concur.