Harry Berryman, by Lillian A. Seidel, His Mother and Next Friend, Appellant, v. Highway Trailer Company, Appellee.

Gen. No. 41,264.

Opinion filed December 23, 1940.

Irving J. Siegal, of Chicago, for appellant.

Goldman, Allshouse & Healy, of Chicago, for appellee; Robert G. Dreffein and Maurice M. Loman, both of Chicago, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

Plaintiff, by his mother and next friend, brought suit for the rescission of a sales contract made with defendant for the purchase of a highway trailer and for the recovery of $450.71 paid on account; defendant filed a plea of recoupment asserting damages to the trailer while it was in possession of plaintiff.

Upon trial by the court plaintiff's damages were assessed at $450.71; the court also found for defendant on its plea of recoupment and assessed its damages for the same sum claimed by plaintiff, namely, $450.71. Plaintiff appeals from the judgment on the findings.

April 29, 1938, plaintiff entered into a contract to purchase from defendant a trailer for $2,112.87; $300 was paid on account on that date and subsequently $150.71 in instalments was paid. The instalment of the purchase price falling due in September was in default and defendant repossessed the trailer as provided for in the contract.

Although there was some slight question as to plaintiff's age at the time the contract was made, it was established that he was, according to the testimony of his mother, 20 years old at the time. He represented to defendant that he was 23 years of age and testified he made this misrepresentation because he knew if he told defendant his correct age it would not sell the trailer to him. There was evidence that in appearance he was 23 years of age; that he had been supporting himself for three years prior to this time and was purchasing the trailer to engage in an independent trucking business on his own account. There was also in evidence a certified copy of plaintiff's application for a chauffeur's license filed with the Secretary of State March 30, 1939, in which he stated under oath that he was born October 25, 1915, which would make him 23 years of age at the time of the purchase of the trailer. Usually a minor may rescind a contract entered into by him and recover moneys paid by him on the contract. *Burnet v. Chapin,* 274 Ill. App. 186, and cases there cited.

There is no evidence of any defect in the truck, and no such claim is made. The controverted question is whether defendant under these circumstances may be allowed to recoup its damages. There was undisputed evidence that plaintiff used the trailer in his business

and by reason of such use it deteriorated in value from $2,112.87 to $1,000, and that it was subsequently sold for $1,378.27. The trial court found that defendant had been damaged in an amount greater than the sum sought to be recovered by plaintiff and held that plaintiff should make good that loss to the extent of the amount plaintiff might recover.

While this is ostensibly a suit at law, in many cases it has been held that equitable principles should be applied in determining the rights of the parties in such cases. In the old case of *Davidson v. Young,* 38 Ill. 145, 150, it was held that an infant is responsible in damages for his frauds and where he falsely alleges himself to be of age for the purpose of inducing another person to purchase and take a deed of ·his lands, he would be liable to respond in damages for any injury which might result to the purchaser in consequence of the deceit. Other cases to the same effect are *Petit v. Liston,* 97 Ore. 464; *Gaither v. Wallingford,* 101 Ore. 389; *Murdock v. Fisher Finance Corp.,* 79 Cal. App. 787, 251 Pac. 319; *Sparandera v. Staten Island Garage,* 193 N. Y. S. 392; *Creer v. Active Auto Exch.,* 99 Conn. 266. In *Rice v. Butler,* 160 N. Y. 578, it was said, ''The privilege of infancy is to be used as a shield and not as a sword. He cannot have the benefit of the contract on one side without returning the equivalent on the other.''

The facts in the case of *Myers v. Hurley Motor Co.,* 273 U. S. 18, are like those now before us. The opinion goes extensively into the question as to whether an infant entering into a sales contract for the price of an automobile is estopped from bringing an action to recover the amount paid. It was held that the action could be maintained. But the court, with the examination of many cases, went into the question whether defendant may set off against plaintiff's claim the amount it had paid for the repair of the damaged automobile, or so much thereof as will

equal plaintiff's claim. The opinion asserted that in such a case equitable principles should be applied and held, supported by numerous authorities, that it is well settled the relief of the defendant is by way of recoupment; "that the amount of defendant's damage can be allowed only in abatement or diminution of plaintiff's claim—and that defendant cannot, at least in that action, recover any excess." See also Story's Equity Jurisprudence, 14th Ed. Vol. 1, § 99, and Pomeroy's Equity Jurisprudence, 3rd Ed. Vol. 1, § 398.

Cases cited in opposition can be distinguished. The decision in *Burnet v. Chapin,* 274 Ill. App. 186, turned upon the fact that defendant did not rely on the minor's representation of his age, which could have been easily ascertained by a superficial investigation. Moreover, the opinion states there was not a scintilla of evidence that defendant had suffered any damage by the disaffirmance of the contract. In *Hunter v. Egolf Motor Co.,* 268 Ill. App. 1, cited by plaintiff, the opinion states it was clearly established that the automobile sold was not obtained by fraud, and the minor sought to rescind the contract because of a defect in the automobile.

We are of the opinion that the weight of authority and the better reasoned cases support the right of defendant in this case to recoup its damages. The judgment of the trial court was proper and is affirmed.

*Judgment affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.