Tine Pelham, Father and Next Friend of Joe Pelham,
a Minor, Plaintiff-Appellant, v. Howard Motors,
Inc., an Illinois Corporation, Defendant-Appellee.

Gen. No. 47,590.

First District, Second Division.
February 17, 1959.
Released for publication March 20, 1959.

John W. Washington, of Chicago, for Tine Pelham,
Father and next friend of Joe Pelham, a minor, plain-
tiff.

Arvey, Hodes & Mantynband, of Chicago (Howard
Arvey, Ralph A. Mantynband, of counsel) for Howard
Motors, Inc., defendant-appellee.

JUSTICE KILEY delivered the opinion of the court.

This is an action to recover the down payment a minor made in the purchase of an automobile. The trial court, without a jury, found that the automobile was a "necessary" and entered judgment for defendant's costs. Plaintiff has appealed.

The minor bought the automobile on May 21, 1956, under a conditional sale contract for $2075.60, and paid $500 down. At that time, he was 20 years and three months old, but in the Bill of Sale he certified that he was "21 years of age or over," and he told the seller he was 22 years of age, because he "wanted to buy a car and I could not buy it at the age of twenty." He drove the car home and brought it back to the seller the next evening for repairs. He "picked it up" the next day, but "they had not done anything." He left it with the seller May 26, and on May 29 his attorney wrote defendant "repudiating" the contract and demanding return of the down payment. The demand was refused and this suit followed.

■ The question is whether the automobile was a "necessary." If it was, the court's judgment was right because "it is well established, as a general rule, that an infant or his estate may be held liable for necessaries furnished him," Zazove v. Minneapolis, St. P. & S. S. M. R. Co., 218 Ill. App. 534, 27 I. L. P. Minors, Sec. 46, p. 42. The fact of emancipation is not relevant, Wuller v. Chuse Grocery Co., 241 Ill. 398, Shellabarger v. Jacobs, 316 Ill. App. 191, nor is the question of misrepresentation, Tyda v. Reiter-Schmidt, 16 Ill.App.2d 370, Hunter v. Egolf Motor Co., 268 Ill. App. 1.

Our Supreme Court in 1871, in McKanna v. Merry, 61 Ill. 177, 179, said "The articles furnished, or money advanced, must be actually necessary, in the particular case, for use, not mere ornament, for substantial good, not mere pleasure. . . . The courts have generally excluded from the term 'necessaries,' horses. . . ."

But the court pointed out that if riding was necessary for the minor's health a horse would not be excluded. In 1915 this court, in Lein v. Centaur Motor Co., 194 Ill. App. 509, affirmed judgment for the minor in recovering a down payment on an automobile, despite the defense that the automobile was intended for use in, and was necessary to, the business of passenger service. The court stated that the doctrine of "necessaries" was not to be extended to the minor's trading contracts.

We recognize the rule stated in McKanna v. Merry, with respect to the question of fact: whether an "[article] comes within the particular class and is suitable" is to be determined by the trier of fact. We take this to mean, as applied to the instant case, that the question of law, to wit: automobiles used for pleasure are not "necessary," having been decided, the question for the trier of fact is: is the particular automobile used for pleasure?

The argument from statistics in defendant's brief clearly indicates the changes in our economy, with respect to production, sale and ownership of automobiles, since McKanna v. Merry and Lein v. Centaur Motor Co., supra. Nevertheless the courts have continuously sustained the principle that a minor may disaffirm contracts except for "necessaries." The arguments and statistics, in our opinion, are not persuasive to establish that the automobile in this case was a "necessary."

The only testimony adduced to show that the automobile was a "necessary" was in cross-examination of plaintiff. He stated he worked at Anna's Flower Shop, had worked there for five years as a porter, and never made deliveries. The plain inference that the automobile was for pleasure is also indicated by the answer "pleasure" to the question, in the Conditional Sales Contract, "Will the car be used

for Pleasure, Business, Taxicab or Hire?" We think the car was not a "necessary," as a matter of law.

An automobile for a minor for pleasure is not an article of a kind for which a minor is liable. The trial court's finding was erroneous and the judgment is reversed and the cause remanded with directions to enter judgment for plaintiff.

Reversed and remanded with directions.

LEWE, P. J. and MURPHY, J., concur.