RONALD B. WEISBROOK, Plaintiff-Appellee, *v.* CLYDE C. NETZLEY, INC., Defendant-Appellant.—(EUGENE WEISBROOK, Third-Party Defendant-Appellee.)

Second District   No. 76-573

Opinion filed April 5, 1978.

James Saloga, of Nadelhoffer, Hennessey, Dommermuth & Brestal, of Naperville, for appellant.

Saxon, Niznik & Peterson, of Plainfield, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Clyde C. Netzley, Inc., appeals from an order of the trial court allowing plaintiff, Ronald B. Weisbrook, to rescind his contract with defendant for the purchase of an automobile and entering judgment in favor of plaintiff in the sum of $1,234.50 for the purchase price he paid to defendant.

Defendant contends that the determinations of the trial court were against the manifest weight of the evidence; that it was entitled to recoupment of damages sustained by it while the vehicle was in plaintiff's possession and that the rule of law permitting minors to rescind their contracts is archaic, stifles commerce and ought not to be applied where a natural parent is present to advise the minor.

In April 1975, plaintiff, who was then a minor aged 17 years, saw a 1969 Chevrolet Malibu automobile on defendant's used car lot in which he became interested. He had three meetings with defendant's salesman before consummating the purchase, on the second of which plaintiff's father, Eugene Weisbrook, third-party defendant herein, accompanied his son, test-drove the car and discussed its price and condition with both his son and the salesman. Plaintiff returned alone for his third trip to the car lot a few days later and told the salesman that he had decided to buy the car and had the money to do so. When the salesman requested that plaintiff sign the contract to purchase, plaintiff told him he didn't believe he could do so because he was only 17 years old and not of age, but when the salesman assured him that made no difference, plaintiff signed the contract and paid the $1,234.50 purchase price with a check received from his mother drawn on a joint account with his father.

Plaintiff testified that this sum was a loan which he was to repay from the sale of a 1969 Volkswagen owned by him although it was titled in his father's name. Although the sales contract and other supporting documents made out by defendant were directed to plaintiff alone as buyer, title to the car was subsequently taken in the names of both the

father and son and the father also obtained insurance on it in both their names. The father testified the car belonged to his son and that he and his wife had loaned the money to him, as they had to other of their children, for that purpose and that he insured it and caused his name to be on the title only for convenience and security reasons.

As sometimes then occurs, shortly after the sale a rod bearing gave out on the car causing substantial damage to its engine. It happened that this occurred on the single occasion that plaintiff's father had driven the car after its purchase. When plaintiff sought to have defendant repair the damages he was told by defendant that the car was purchased "as is" under the contract and carried no warranty for repair purposes. Plaintiff thereupon elected to rescind the contract and tendered the automobile back to defendant demanding return of the purchase price. Defendant refused and plaintiff filed his complaint for rescission of contract based upon his minority. Defendant counterclaimed against the plaintiff for recoupment of his loss or damages while the automobile was in plaintiff's possession and also filed a third-party complaint against plaintiff's father, Eugene Weisbrook, seeking indemnification from him for any sums defendant might have to pay to plaintiff in the principal action. The third-party action appears to be based upon alternative claimed theories of indemnification that the father was the actual purchaser of the car, that he and the son were engaged in a joint venture for that purpose or that the son purchased the car as the agent for the father. Eugene Weisbrook filed his motion to dismiss the third-party complaint on the grounds that it was insufficient in law to state a cause of action in that it failed to allege any facts by which he would have a duty to indemnify defendant should the plaintiff be found to have lawfully rescinded the contract. In its judgment order the trial court considered the motion to dismiss to be in lieu of answer thereto and, after entering judgment in favor of plaintiff in the principal action, it dismissed defendant's counterclaim and third-party complaint.

Defendant presents no argument or authority in support of the legal sufficiency of its third-party complaint and we consider that issue waived (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7)). In any event, it is apparent that the complaint fails to demonstrate any relationship between third-party plaintiff and third-party defendant which would support application of indemnity principles (*Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 234 N.E.2d 790); at most, defendant attempts by this means to assert a defense to the principal action.

In his argument that the findings of the trial court are against the manifest weight of the evidence, defendant contends, first, that under the evidence plaintiff had the apparent authority to act as agent for his father causing defendant to believe it was actually selling the car to the adult

principal and, second, that the father subsequently ratified the agency relationship and contract by attempting to enforce it and by accepting the benefits of the transaction. It is defendant's contention, therefore, that the minor plaintiff is not entitled to rescind as he was acting as agent for his father and actually purchased the car for him.

■■ The general rule to consider in determining whether an agent is acting with the apparent authority of his principal was stated in *General Refrigeration & Plumbing Co. v. Goodwill Industries* (1975), 30 Ill. App. 3d 1081, 1085, 333 N.E.2d 607, 611, in this way:

> " 'Apparent authority in an agent is such authority as the principal knowingly permits the agent to assume or which he holds his agent out as possessing—it is such authority as a reasonably prudent man, exercising diligence and discretion, in view of the principal's conduct, would naturally suppose the agent to possess.' *Wing v. Lederer*, 77 Ill. App. 2d 413, 417, 222 N.E.2d 535, 537-38. 'Apparent authority in an agent to do an act for his principal must be based on the words and acts of his principal and cannot be based on anything the agent himself has said or done.' *Lawcock v. United States Trotting Association*, 55 Ill. App. 2d 211, 217, 204 N.E.2d 802, 805."

As evidence supporting creation of an agency between the father and son in this case, defendant points to the father's appearance at defendant's place of business with his son, test driving the vehicle and joining in conversations as to its condition and price with his son and defendant's salesman. This is the extent of the father's participation in the transaction prior to the execution of the contract by plaintiff and defendant.

Defendant also alludes to the fact title to the car was subsequently taken in the names of both father and son, that the father added it to his insurance policy and caused license plates from a Volkswagen owned by plaintiff but titled in the father's name to be transferred to the new car and that the purchase price was paid by plaintiff with a check drawn on the father's bank account, all as further evidence of the claimed agency.

These factors, relied upon by defendant as imposing an apparent agency relationship between the father and son, could not reasonably cause defendant to rely upon an agency in this transaction. The defendant unquestionably entered into the contract with the son knowing that it was being made solely with the minor child. Before entering into the contract defendant had but one contact with the father which, not unreasonably, included the father trying out the car with his son and discussing its condition and price with defendant. At the time the contract was entered into on plaintiff's next visit some few days later, that single visit was the only contact between defendant and the father and necessarily must be the foundation of the agency sought to be enforced against him in this

action. Defendant does not claim that either the father or the son made any representations to it of an agency relationship between them or said that the son was acting in that capacity in his purchase of the vehicle. Their subsequent conduct in holding title and insuring the car together is, of course, a common security arrangement. Further, it has been held that the fact a father loaned money to his minor child for payment of a contractual obligation of the minor does not make the parent a party to the contract (*Moskovitz v. Kerman Stores Co.* (1930), 259 Ill. App. 480).

■■ Nor do we find on this evidence that an agency relationship was created by ratification on the part of the father. Defendant contends that the father ratified the agency by taking the benefits and attempting to enforce the contract. The argument that the father benefitted by having to pay less for the automobile and was able to transfer the license from the Volkswagen to this automobile at a reduced cost and was then able to use the automobile is not persuasive in light of the testimony that the son borrowed the purchase price, was transferring a license from his other car to the new car and that the father used the car in question on only one occasion. Nor can ratification be seen in the circumstance that the father sought to assist his son to cause defendant to repair the car after it broke down. (See *Wing v. Lederer* (1966), 77 Ill. App. 2d 413, 418, 222 N.E.2d 535, 538.) The determination by the trial court that the contract in question was entered into by defendant with plaintiff with knowledge of his minority and that the plaintiff was not acting as an agent for his father is fully sustained by the evidence in the case.

Defendant next contends that where a minor has disaffirmed his contract the vendor is entitled to recoup his damages incurred while the property was in the minor's possession. Defendant suggests that those damages are the cost of any necessary repairs to the automobile, the value of the use of the automobile by plaintiff while in his possession and the amount of its depreciation during that period of time. In support of his general argument defendant relies upon *Berryman v. Highway Trailer Co.* (1940), 307 Ill. App. 480, 30 N.E.2d 761, in which a minor, when purchasing a trailer from vendor, represented that he was 23 years of age when in fact he was 20. He used the trailer in his own trucking business for some period of time, then fell behind on his payments and it was repossessed by defendant-vendor. The minor thereupon brought suit to rescind the sales contract and defendant sought recoupment for damages to it while in plaintiff's possession. There was evidence that the trailer had substantially deteriorated in value while being used by plaintiff and, because of the fraud and deceit indulged in by the minor at the time of the initial purchase, the court determined he should be required to respond in damages for the injury to the trailer resulting therefrom. In addition, in *Berryman* the evidence was that plaintiff knew that defendant

would not have sold the trailer to him if he had told his correct age at the time of purchase and there was further evidence that plaintiff had been supporting himself for three years prior to the purchase and acquired the trailer to engage in an independent trucking business of his own. *Hunter v. Egolf Motor Co.* (1932), 268 Ill. App. 1, cited by plaintiff, takes a contrary view. It holds that a minor who misrepresented his age in entering into a contract could subsequently rescind his contract, without being subject to damages, and recover back the amount paid by him under it where he intended to perform its obligations at the time of entering into the contract.

This court last spoke to this question in *Tyda v. Reiter-Schmidt, Inc.* (1958), 16 Ill. App. 2d 370, 147 N.E.2d 690 (abstract), where it held that, although a minor had represented himself to be an adult at the time he executed a written contract to purchase an automobile from defendant, but intended at that time to honor the contract and to make the installment payments on the purchase price, that the minor's subsequent disaffirmance of the contract and demand for the return of the payments made when defendant repossessed the automobile because he was delinquent in his payments, did not entitle defendant to recoup damages by way of a setoff. The court determined that, while it was true that a minor would not be relieved of liability for damages caused another party by the minor's tort of falsely representing his age in order to purchase property of another for which he did not intend to pay, that was not the case in this instance. See also *Winter & Hirsch, Inc. v. Redmond* (1959), 20 Ill. App. 2d 600, 156 N.E.2d 599 (abstract); *Burnet v. Chapin* (1934), 274 Ill. App. 186; *Pelham v. Howard Motors, Inc.* (1959), 20 Ill. App. 2d 528, 156 N.E.2d 597 (abstract).

■■ In the present case, of course, the minor plaintiff never misrepresented his age and, in fact, informed defendant that he was 17 years old. Nor did plaintiff represent to defendant that his father was to be the owner or have any interest in the automobile. There is no evidence in the present case that plaintiff at the time of entering the contract with defendant intended anything more than to enjoy his new automobile. He borrowed the total purchase price and paid it to defendant carrying out the transaction fully at the time of taking delivery of the vehicle. Plaintiff sought to disaffirm the contract and the return of the purchase price only when defendant declined to make repairs to it. In these circumstances we believe the weight of authority would permit the minor plaintiff to disaffirm the voidable contract and that defendant-vendor would not be entitled to recoup any damages which he believes he suffered as a result thereof.

Defendant does not refer us to any authority for his final contention, that a minor should not be permitted to rescind his contracts where he

may have some parental advice available to assist him. The contrary rule is long standing, perhaps in part because minors often do not avail themselves of the opportunity to seek or take advice from someone other than the vendor, sometimes to their detriment. We see no basis for reconsideration of the rule of law followed in this case.

For these reasons the judgment of the Circuit Court of Du Page County is affirmed.

Affirmed.

SEIDENFELD, P. J., and BOYLE, J., concur.